# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERESA MARTINEZ MARTINEZ,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | CASE NO. 1:08-CR-00087-AWI<br>(1:14-CV-01888-AWI)<br><br>ORDER ON PETITIONER'S AMENDED MOTION TO VACATE<br><br>(Crim. Doc. No. 247) |

Petitioner Teresa Martinez Martinez challenges her conviction through this petition to set aside or vacate under 28 U.S.C. § 2255.

*Background*

On March 5, 2010, a jury found Petitioner guilty of conspiracy to possess methamphetamine with intent to distribute and possession of methamphetamine with intent to distribute (violations of 21 U.S.C. § 841 and § 846). See Doc. No. 164.

On September 11, 2012, Petitioner was sentenced to a term of imprisonment of 264 months. See Doc. No. 193.

Petitioner appealed to the Ninth Circuit on September 25, 2012. See Doc. No. 195.

On August 2, 2013, the Ninth Circuit affirmed Petitioner's sentence, and on August 26, 2013, issued its mandate. See Doc. Nos. 243, 244.

On October 23, 2013, Petitioner filed a petition for certiorari with the United States Supreme Court. See Doc. 247. On October 6, 2014, the Supreme Court denied certiorari. See id.

In November and December 2014, Petitioner filed a petition and amended petition under § 2255. See Doc. Nos. 246, 247. Petitioner raises two grounds for relief: ineffective assistance of counsel and denial of an extension. See Doc. No. 247.

## § 2255 FRAMEWORK

28 U.S.C. § 2255 provides, in pertinent part: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside or correct the sentence." Under § 2255, a district court must grant a prompt hearing to a petitioner in order to determine the validity of the petition and make findings of fact and conclusions of law, "[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255(b). The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal. United States v. Withers, 638 F.3d 1055, 1062-63 (9th Cir. 2011); Baumann v. United States, 692 F.2d 565, 571 (9th Cir. 1983). A petitioner is not required to allege facts in detail, but he "must make factual allegations" and cannot rest on merely conclusory statements. Baumann, 692 F.2d at 571; United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir.1980). Accordingly, an evidentiary hearing is required if: (1) a petitioner alleges specific facts, which, if true would entitle him to relief; and (2) the petition, files, and record of the case cannot conclusively show that the petitioner is entitled to no relief. United States v. Howard, 381 F.3d 873, 877 (9th Cir. 2004)

## PETITIONER'S PETITION

*Petitioner's Allegations*

Under her first ground for relief, Petitioner contends that her sentence was substantively unreasonable. Petitioner explains that there was a lack of representation with two prior attorneys, and that evidence was never used. Evidence of phone calls were not presented, and witnesses were not called to the stand. Petitioner states that she asked her lawyers to present this evidence, but the witnesses were never called to the stand.

Under the second ground for relief, Petitioner identifies the ground as "Appealing My Petition Forms." Doc. No. 247. Petitioner then states, "I was denied on my extension. I'm in federal custody at the FCI Dublin, CA." Id. No other information or explanation is provided. Id.

2

*Discussion*

The Court reads the first ground for relief as a claim of ineffective assistance of counsel. To establish ineffective assistance of counsel, a petitioner must show: (1) counsel's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that the deficient performance prejudiced the petitioner. Strickland v. Washington, 466 U.S. 668, 687 (1984); United States v. Thomas, 417 F.3d 1053, 1056 (9th Cir. 2005). Courts must indulge in a strong presumption that a counsel's conduct falls within the wide range of reasonable professional assistance, and that counsel exercised acceptable professional judgment in all significant decisions made. See Strickland, 466 U.S. at 689; United States v. Fredman, 390 F.3d 1153, 1156 (9th Cir. 2004). To show prejudice, the petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694; Fredman, 390 F.3d at 1156. To obtain relief from a counsel's failure to call a particular witness, a § 2255 petitioner must *inter alia* identify the witness, see United States v. Murray, 751 F.2d 1528, 1535 (9th Cir. 1985), and explain what that witness's testimony would have been, see States v. Berry, 814 F.2d 1406, 1409 (9th Cir. 1987).[1]

Here, Petitioner has not identified what witnesses should have been called or what those witnesses would have said. Without identification of the witnesses and the nature of their testimony, Petitioner can establish neither unreasonable conduct by counsel nor prejudice. See id. The same is true with the phone calls. There is no indication about when the calls were made, what the substance of the calls were, or how the calls were relevant. Cf. Grisby v. Blodgett, 130 F.3d 365, 372-73 (9th Cir. 1997) (holding that speculation as to the exculpatory value of evidence does not demonstrate prejudice and is insufficient to support a claim of ineffective assistance of counsel); United States v. Harden, 846 F.2d 1229, 1231 (9th Cir. 1988) (holding that the failure to present irrelevant evidence was not ineffective). Because Petitioner's allegations fail to indicate deficient and prejudicial performance by counsel, Petitioner is not entitled to relief on this ground.

---

[1] Ninth Circuit case law also indicates that there should be an indication that the uncalled witness was "available" to testify. See United States v. Harden, 846 F.2d 1229, 1231-32 (9th Cir. 1988) (holding that the failure to call a witness, who had pled guilty and was awaiting sentencing in a related case, was not ineffective where no evidence established that the uncalled witness would have testified at defendant's trial).

1  With respect to the second ground, the Court does not know what error Petitioner is
2  attempting to describe.  On that basis alone, no claim is stated and no relief is possible.  See
3  Withers, 638 F.3d at 1062-63; Baumann, 692 F.2d at 571.  Alternatively, Petitioner may be
4  complaining that either her appeal to the Ninth Circuit or her petition for certiorari with the
5  Supreme Court were denied as untimely.  However, the Ninth Circuit's August 2, 2013 opinion
6  addressed the merits of Petitioner's arguments, see Doc. No. 243, and Petitioner's notice of appeal
7  was filed within the 14-day time limit for filing a direct appeal.  See Fed. R. App. P. 4(b)(1)(A);
8  Doc. Nos. 192, 193, 195.  Furthermore, Petitioner filed her petition for certiorari with the Supreme
9  Court on October 23, 2013, which is within the applicable 90-day time limit to file a petition for
10  certiorari.  See Supreme Ct. R. 13.1; Ramos-Martinez v. United States, 638 F.3d 315, 321 (1st Cir.
11  2011); Untied States v. Garcia, 210 F.3d 1058, 1061 (9th Cir. 2000).  That is, there is nothing to
12  indicate that an extension of time was ever necessary.[2]  Because Petitioner's allegations fail to
13  identify violations of the Constitution or federal law, or otherwise establish a basis for collateral
14  attack, Petitioner is not entitled to relief on this ground.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that Petitioner's 28 U.S.C. § 2255 petition is DENIED, and the Clerk shall CLOSE this matter.

IT IS SO ORDERED.

Dated:   June 18, 2015                                    _____
                                                           SENIOR DISTRICT JUDGE

---

[2] In any event, it goes without saying that this Court lacks the authority to review any denials of extension of time by the Ninth Circuit or the Supreme Court.