UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TERESA MARTINEZ MARTINEZ,<br><br>Defendant. | No. 1:08-cr-00087-DAD<br><br>ORDER DENYING DEFENDANT'S <u>MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(C)</u><br><br>(Doc. Nos. 259, 262) |

On December 20, 2016 defendant Teresa Martinez Martinez filed a *pro se* motion under 18 U.S.C. § 3582(c)(2), seeking a reduction in her previously imposed sentence in this case based upon amendments to the United States Sentencing Guidelines ("U.S.S.G."). (Doc. No. 259.) On January 5, 2017, defendant filed an amended motion in this regard. (Doc. No. 262.)

Amendment 782 revised the Drug Quantity Table in U.S.S.G. § 2D1.1 and reduced by two levels the offense level applicable to many federal drug trafficking offenses. Here, the government opposes defendant's motion for a sentence reduction on the grounds that defendant has already benefited from Amendment 782, pointing out that on January 29, 2016 the court granted the parties' stipulated motion (Doc. Nos. 257, 258) thereby reducing defendant's sentence from 264 months to 262 months and that the defendant's sentence is now at the bottom of the amended advisory guideline range and cannot be reduced further as a result of Amendment 782.

(Doc. No. 266 at 1.)[1]  The government's argument is persuasive.  Accordingly, defendant's motion and amended motion for a reduction of sentence under 18 U.S.C. § 3582(c) will be denied.

Section 3582(c)(2) authorizes district courts to modify a previously imposed sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  *United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013).  Effective November 1, 2014, the U.S. Sentencing Commission promulgated Amendment 782 to the U.S.S.G., which generally revised the Drug Quantity Table and chemical quantity tables across drug and chemical types.  The Commission also voted to make Amendment 782 retroactively applicable to previously sentenced defendants.  However, "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range."  U.S.S.G. § 1B1.10 (a)(2)(B).  A district court's authority to modify a sentence pursuant to an amendment to the advisory guidelines is constrained by the Sentencing Commission.  *Dillon v. United States*, 560 U.S. 817, 826 (2010).

On September 4, 2012, defendant Martinez was sentenced to 264-months imprisonment— a term below the low-end of the applicable sentencing guideline range at the time.  (Doc. No. 190.)  Her total offense level was 38, her criminal history category was IV, and the resulting guideline range was 324 to 405 months.  (Presentence Report ("PSR") at 2a.)  Applying Amendment 782, the defendant's new offense level is 36, her criminal history category remains IV, and her amended guideline range calls for a sentence of between 262 to 327 months.  (Doc. No. 257 at 2.)  As noted by the government, defendant has already had her sentence reduced to the low end of her amended guideline range pursuant to the parties' stipulation on January 29, 2016.  (*Id.*)  Accordingly, defendant Martinez has already benefitted from the revised Drug

---

[1] On February 10, 2017, the court granted the Federal Defender's Office thirty days to supplement defendant's *pro se* motion or to notify the court that it did not intend to file a supplement.  (Doc. No. 263.)  On the same day, the Federal Defender's Office filed notice that no supplement to the motion would be filed by that office on defendant's behalf.  (Doc. No. 264.)

Quantity Table under the Sentencing Guidelines and is ineligible for any further sentence reduction beyond the two-month reduction already afforded to her. *See* U.S.S.G. § 1B1.10(b)(2)(A) ("[T]he court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range."); *United States v. Tercero*, 734 F.3d 979, 981 (9th Cir. 2013) (holding that "the district court correctly interpreted and applied both § 3582(c) and § 1B1.10" in denying the defendant's motion to reduce his sentence "because U.S.S.G. § 1B1.10(b)(2)(A) prohibits reductions below the low end of the adjusted Guidelines range"); *see also United States v. Davis*, 739 F.3d 1222, 1224 (9th Cir. 2014) ("We note as well that all of the other circuits to have addressed this question have held that the Commission acted within its authority in amending § 1B1.10(b).").[2]

For the reasons set forth above, defendant's motion and amended motion for a reduction of sentence pursuant to 18 U.S.C. § 3582 (Doc. Nos. 259, 262) are denied. The Clerk of the Court is directed to close the case.

IT IS SO ORDERED.

Dated: **July 5, 2017**

UNITED STATES DISTRICT JUDGE

---

[2] The lone exception to this rule provided for by U.S.S.G. § 1B1.10(b)(2)(B), is not applicable here.

3