UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TERESA MARTINEZ MARTINEZ,<br><br>Defendant. | No. 1:08-cr-00087-DAD<br><br>ORDER DENYING MOTION FOR RECONSIDERATION<br><br>(Doc. No. 273) |

Defendant in this closed criminal case has filed an "appeal/reply to order denying motion for copies of court records." (Doc. No. 273.) The court construes this as a request for reconsideration pursuant to Federal Rule of Civil Procedure 60(b).

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). A motion under Rule 60(b) must be made within a reasonable time, and for reasons (1), (2), and (3), "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c). Relief under Rule 60 "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances" exist. *Harvest v.*

1

*Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted) (addressing reconsideration under Rule 60(b)(1)–(5)). The moving party "must demonstrate both injury and circumstances beyond his control." *Id.* (internal quotation marks and citation omitted). Further, Local Rule 230(j) requires, in relevant part, that in moving for reconsideration of an order denying or granting a prior motion, a party must show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown" previously, "what other grounds exist for the motion," and "why the facts or circumstances were not shown" at the time the substance of the order which is objected to was considered.

      Here, defendant fails to meet the requirements for granting a motion for reconsideration. Defendant has not shown mistake, inadvertence, surprise, or excusable neglect; she has not shown the existence of either newly discovered evidence or fraud; she has not established that the judgment is either void or satisfied; and she has not presented any other reasons justifying relief from judgment. Moreover, pursuant to the court's Local Rules, defendant has not shown "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j).

      The arguments defendant presents in support of her request for copies of court records are not new, novel, or based on new developments; to the contrary, her arguments were already presented to and rejected by the court. As the court noted in its prior order denying defendant's request for copies of court records, defendant has not established that she has filed an appeal from or collateral challenge to her conviction that is not frivolous and that the requested copies are necessary for a decision to be rendered on any such appeal or collateral challenge. *See* 28 U.S.C. § 753(f); *see also United States v. Connors*, 904 F.2d 535, 536 (9th Cir. 1990) ("Although Connors is indigent, he has not filed a habeas petition, and therefore is not entitled to copies of his trial transcript at government expense until he does so."); *United States v. Lucatero*, No. 05–cr–0443–WBS, 2007 WL 1747077, at *2 (E.D. Cal. June 18, 2007) ("The vast majority of courts have interpreted [28 U.S.C. § 753(f)] to mean that until a prisoner actually 'brings a proceeding under section 2255,' he is not entitled under § 753(f) to have costs for creating or copying such transcripts *or other documents* paid by the United States.") (emphasis added); 28 U.S.C. § 2250.

Defendant simply restates the same assertions that she "believe[s] the[re] are serious Brady rule violations which need to be investigated fully in order to expedite and overcome the 2255 timeliness [sic]." (Doc. No. 273 at 1.) However, "[a] prisoner is not constitutionally or statutorily authorized to receive free copies of transcripts simply because he intends to bring a § 2255 petition for post-conviction relief in the future." *Lucatero*, 2007 WL 1747077, at *1.

Moreover, as the court previously explained, defendant is not generally entitled to free copies of court documents in a closed case. *See United States v. Chandler*, 220 F. Supp. 2d 165, 170 (E.D.N.Y. 2002); *see also Marsh v. Vegianelli,* No. 1:09-cv-01243-GSA-PC, 2012 WL 5505079, at *2 (E.D. Cal. Nov. 13, 2012) ("[T]he Clerk does not ordinarily provide free copies of case documents to parties. The Clerk charges $.50 per page for copies of documents. *See* 28 U.S.C. § 1914(a). Copies of up to twenty pages may be made by the Clerk's Office at this Court upon written request and prepayment of the copy fees.").

Accordingly, defendant's motion for reconsideration (Doc. No. 273) is denied.

IT IS SO ORDERED.

Dated: **August 9, 2018**

UNITED STATES DISTRICT JUDGE